**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ERIC POTTER,                          :
                                      :   Civil Action No. 05-2728 (SRC)
        Petitioner,   :
                                      :
        v.            :   **OPINION**
                                      :
JOHN DOE, et al.,                     :
                                      :
        Respondents.  :

**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u> | Counsel for Respondents |
| Eric Potter | Mark P. Stalford, Esq. |
| 1311 ½ Eighth Avenue | Monmouth Co. Prosecutor's Ofc. |
| Apt. #2 | Director Appellate Section |
| Neptune, NJ 07753 | 71 Monument Park |
| | Freehold, NJ 07728-1789 |

**CHESLER**, District Judge

    This matter is before the Court on Petitioner [name]'s Petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the Petition for habeas corpus relief must be dismissed without prejudice.

I.   <u>BACKGROUND</u>

    On or about October 29, 2003, a Monmouth County Grand Jury returned Indictment Number 03-10-2050, charging Petitioner with third degree possession of a controlled dangerous substance (heroin), in violation of N.J.S.A. 2C:35-10a(1).

Prior to the indictment, Petitioner filed a motion to suppress evidence seized without a warrant, which was denied. Petitioner filed a second motion to suppress during the pendency of the state court trial proceedings. His motion for leave to file an interlocutory appeal was denied by the Superior Court, Appellate Division.

Pursuant to a jury verdict, Petitioner was found guilty on September 29, 2004. On December 10, 2004, Petitioner moved for a new trial, which the trial judge denied. On the same day, Petitioner was sentenced to a term of imprisonment of four years, with an 18-month period of parole ineligibility. On February 2, 2005, Petitioner filed a Notice of Appeal with the Superior Court of New Jersey, Appellate Division, docket number A-2683-04T4. In his direct appeal, Petitioner raised the following claims:

> POINT I
> BECAUSE THE POLICE HAD NO VALID REASON TO PAT DEFENDANT DOWN FOR WEAPONS, THE RESULTING SEARCH WAS UNLAWFUL AND THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS.
>
> POINT II
> THE IMPROPER ADMISSION OF IRRELEVANT AND PREJUDICIAL TESTIMONY FROM THE LEAD DETECTIVE REQUIRES REVERSAL OF DEFENDANT'S CONVICTION.

(Defendant's Brief, Appellate Division, May 27, 2005.) The direct appeal remains pending.

On May 25, 2005, this Court received Petitioner's § 2254 habeas petition. Petitioner alleges that he was "denied equal protection under the 14th Amendment of the U.S. Constitution when

petitioner was denied a suppression hearing."  Petitioner states further that "Petitioner has filed an appeal in the N.J. Appellate Court of the conviction however has no pending litigation related to the failure of the courts to grant what was considered interlocutory appeals."  (Petition at 3.)  Thus, it appears that he is challenging the denial of an interlocutory appeal of the denial of his suppression motion.

Respondents have answered asserting that the Petition must be dismissed for failure to exhaust state remedies.  Petitioner has not filed a reply in support of the Petition.

## II.  ANALYSIS

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254© ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a

petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

In the present case, Petitioner clearly has not exhausted his state remedies. His direct appeal remains pending and contains a claim challenging the denial of his motion to suppress. Should Petitioner's conviction be affirmed by the Appellate Division, Petitioner will have remaining to him the option to petition for a writ of certification from the New Jersey Supreme Court and to petition for a writ of certiorari to the United States Supreme Court. See, e.g., N.J.Ct.R. 2:2-1 Appeals to the Supreme Court from Final Judgments. New Jersey also provides a procedure for collaterally challenging convictions through a motion for post-conviction relief. See N.J.Ct.R. 3:22 Post-Conviction Relief.

5

Further, Petitioner has neither asserted nor demonstrated an absence of available state process. Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987. There does not appear to be any reason why Petitioner might be prohibited from exhausting his claims in state court. Thus, the Petition will be dismissed without prejudice.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253©, unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S.Ct. 1029, 1034 (Feb. 25, 2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find this Court's procedural ruling debatable. No certificate of appealability will issue.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The Court therefore will dismiss without prejudice his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

    s/Stanley R. Chesler,U.S.D.J.
Stanley R. Chesler
United States District Judge

DATED: May 18, 2006